PENNSYLVANIA SALT MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27199, 38453, 41691. Promulgated February 14, 1930.

*Owen J. Roberts, Esq.*, and *Edward A. Coughlin, C. P. A.*, for the petitioner.

*John D. Foley, Esq.*, for the respondent.

## OPINION.

ARUNDELL: In these proceedings the parties have reached an agreement as to the proper depletion deduction for the years 1922 and 1923 as set forth in the opening statement of this report. The remaining issue arose out of respondent's refusal to allow as a

deduction depreciation of the amount claimed by petitioner as the cost of a contract.

By the terms of the contract of sale dated March 31, 1922, the Metal & Thermit Corporation sold to petitioner for the sum of $325,000, payable in installments, its plant and equipment located at Wyandotte, Mich., and the liquid chlorine business which it at the time of the sale was conducting and of which petitioner was the agent for the vendor. The contract also provided that the vendor would not sell liquid chlorine for a period of five years from April 1, 1922. The parties have agreed that $150,000 of the total amount paid under the contract was for plant and equipment and it is petitioner's contention that the remaining $175,000 was paid in consideration of the Metal & Thermit Corporation agreeing to purchase from petitioner for a period of five years all the liquid chlorine that it would need. This so-called requirement contract was entered into on the same day as the contract of sale and was part and parcel of one and the same transaction.

We are satisfied from the evidence that what the petitioner really acquired for the $175,000 payment was the contract to sell the Metal & Thermit Corporation its requirements of liquid chlorine for a period of five years. This contract is a capital asset having a determinable life and its cost may be exhausted over its term. It follows that petitioner should be permitted to deduct over the five-year life of the contract its established cost of $175,000.

*Decision will be entered under Rule 50.*